### J. T. SPAIN v. THE STATE.

#### No. 913.   Decided January 25, 1911.

**1.—Local Option—Continuance—Motion for New Trial.**

Where, upon hearing of a motion for new trial after conviction of a violation of the local option law, the absent witness for which a continuance was sought testified that she would not have testified as alleged in defendant's motion for continuance and besides her testimony was immaterial, there was no error.

**2.—Same—Evidence—Practice on Appeal—Bill of Exceptions.**

Where the appellant accepted the bill of exceptions with the qualification of the trial judge to the effect that the State did not offer to prove another sale, he could not complain.

**3.—Same—Charge of Court—Limiting Testimony.**

Where, upon trial of a violation of the local option law, the court properly limited the impeaching testimony, there was no error.

Appeal from the District Court of Limestone.   Tried below before the Honorable H. B. Daviss.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The State's testimony showed that defendant was a banana peddler; that on the day of the alleged sale of whisky the witnesses got in his wagon, and that defendant got a bottle of whisky from under the seat and sold it to them for $1.25, and that one of the witnesses got drunk from drinking it and was arrested.   That one of the witnesses had bought whisky before from defendant, etc.   The defendant testified that he did not sell the whisky but bought it for State's witness, etc.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant was indicted, tried and convicted in the District Court of Limestone County, charged with violating the local option law, and sentenced to one year's confinement in the penitentiary.

1.   The appellant complains that the court erred in overruling his application for a continuance.   We have examined the record carefully,

and we do not see that if the testimony that appellant alleged could have been proven by the absent witness it would have been material. In addition to this, the witness, for whose testimony the continuance was sought, testifies on the hearing of the motion for a new trial that she would not have so testified.

2. In bill of exception No. 2 appellant complains that the State was permitted to prove by the witness Henry Tatum that he had purchased whisky from appellant at another and different time than that alleged in the indictment. This court has held that in prosecutions for the *sale* of intoxicating liquors it is improper to admit proof of other and different sales. In this case, however, the judge trying the cause qualifies the bill in such way as to show that such testimony was not admitted, saying "the State did not offer to prove nor did it prove by the witness Tatum that he had purchased intoxicating liquor from defendant Spain at another and different time from that alleged in the indictment." The appellant accepts the bill with this qualification and files it, and he can not now complain of the qualification. Briscoe v. State, 27 Texas Crim. App., 193; Hardy v. State, 31 Texas Crim. Rep., 289.

3. The other error assigned: "The court erred in permitting the district attorney to testify and impeach the testimony of the witness Spruill, and in not charging the jury not to consider such testimony, except for the purpose of arriving at the credibility of the witness and the weight to be given his testimony," is answered fully by the seventh paragraph of the court's charge, wherein a correct charge is given limiting the testimony. The judgment is affirmed.

*Affirmed.*